IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KEVIS VAN NESS,      :<br>                             :<br>        Plaintiff,       :<br>                             :<br>v.                          :<br>                             :<br>Sheriff GREGORY COUNTRYMAN, :<br>*et al.*,                  :<br>                             :<br>        Defendants.      :<br>_____ :  | Case No. 4:24-cv-32-CDL-AGH |

## ORDER AND RECOMMENDATION

Before the Court is Plaintiff's motion for leave to file an amended complaint (ECF No. 15). For the reasons stated below, Plaintiff's motion is granted. However, the Court recommends that his newly asserted claims be dismissed for failure to state a claim and failure to comply with the Court's orders.

### BACKGROUND

Plaintiff's claims arise from his confinement in the Muscogee County Jail ("MCJ") in Columbus, Georgia. Compl. 3, ECF No. 1. Plaintiff asserts he is a homosexual and that he was subjected to harassment from other inmates because of his sexuality. *Id.* at 5-6. Plaintiff alleges he spoke to Defendants about the harassment and the fact that he felt that he was not safe in the dorm. *Id.* Despite Plaintiff's requests for help, none of the Defendants took any action, and Plaintiff ultimately was attacked and injured by two inmates on February 16, 2024. *Id.* at 6. After preliminary review, Plaintiff's deliberate indifference to safety claims against

Defendants were allowed to proceed for further factual development. Order & R. 6, May 6, 2024, ECF No. 7; Order, June, 20, 2024, ECF No. 28 (adopting recommendation).

The Court received Plaintiff's motion for leave to amend on May 20, 2024. Pl.'s Mot. to Amend 1, ECF No. 15. On May 22, 2024, the Court noted that Plaintiff was entitled to amend his complaint as a matter of course because no Defendant had been served or filed an answer. Order 1, ECF No. 19. The Court further noted, however, that while Plaintiff was entitled to amend his complaint as a matter of course, any amended complaint would still be subject to screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. *Id.* at 2. The Court warned Plaintiff that his asserted claims were subject to dismissal on preliminary screening, and granted him fourteen days in which to file an amended complaint setting forth all of the claims he is alleging in this case. *Id.* When Plaintiff failed to file an amended complaint, the Court ordered him to respond and show cause why his amended claims should not be dismissed for failure to comply with the Court's previous orders and instructions and for failure to state a claim. Order 1, July 3, 2024, ECF No. 29. He was warned that "[f]ailure to respond will result in the dismissal of Plaintiff's amended claims." *Id.* Plaintiff has still not filed an amended complaint as directed by the Court.

## DISCUSSION

**I. Plaintiff is entitled to amend his complaint as a matter of course.**

Because Plaintiff filed his motion to amend prior to Defendants being served

or filing an answer, he was entitled to amend his complaint as a matter of course. Fed. R. Civ. P. 15(a)(1) (providing that a plaintiff may file an amended complaint once as a matter of course no later than twenty-one days after service of the original complaint or twenty-one days after the defendant's service of a responsive pleading or Rule 12 motion to dismiss); *Scott v. Macon-Bibb Cnty., Ga.*, No. 5:21-cv-239-MTT, 2023 WL 3727509, at *1 n.1 (M.D. Ga. May 30, 2023) (noting "the window for filing an amended complaint as a matter of course had not yet opened" prior to service of the original complaint); *Maldonado v. Ford*, No. 5:19-cv-421-MTT, 2021 WL 2689837, at *1 (M.D. Ga. June 30, 2021) (finding persuasive the conclusion of other courts that "the window for amendment as a matter of course might not *open* until the responsive pleading or motion is served").

The right to amend includes the right to add parties. *See McLellan v. Miss. Power & Light Co.*, 526 F.2d 870, 872-73 (5th Cir. 1976) (finding that a party may add parties when filing an amendment as a matter of course without leave of the court), *vacated in part on other grounds*, 545 F.2d 919, 922 n.3 (5th Cir. 1977); *Brock v. City of Atlanta, Ga.*, No. 1:22-cv-604-WMR-CMS, 2022 WL 19333605, at *2 (N.D. Ga. Nov. 28, 2022) ("[I]n the Eleventh Circuit, Rule 15(a) is given precedence over Rule 21 when a plaintiff amends her complaint as a matter of course and adds a new party." (internal quotation marks omitted) (collecting cases)).[1]  Therefore, Plaintiff's motion to amend (ECF No. 15) is granted.[2]

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions handed down by the former Fifth Circuit by the close of business on September 30, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] "As a general rule, an amended complaint supersedes and replaces the original complaint unless

## II. Plaintiff's newly asserted allegations fail to state a claim.

### A. Preliminary Screening Standard

Although Plaintiff's motion to amend is granted, his amended complaint remains subject to review and possible dismissal under the PLRA. When conducting preliminary review, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110 (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not

---

the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). As discussed below, Plaintiff's motion does not attach a proposed amended complaint but instead refers to the original complaint and outlines—though unclearly—changes and additions he wishes to make. Therefore, the Court will liberally construe his motion as incorporating and adopting his original complaint as opposed to superseding it. *See Anderson v. Tarver*, No. 6:17-cv-148, 2019 WL 2528860, at *4 n.10 (S.D. Ga. May 21, 2019) (construing Plaintiff's motion to amend liberally to rule it incorporated original complaint), *recommendation adopted by* 2019 WL 2527114 (S.D. Ga. June 18, 2019).

include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quotation marks and citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

B.  <u>Preliminary Screening of Plaintiff's Newly Asserted Claims</u>

"A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Here, Plaintiff did not attach a copy of a proposed amended complaint to his motion to amend or file a proposed amended complaint as directed by the Court. Therefore, the Court rely on Plaintiff's motion alone to glean the substance of his proposed amendment.

In his motion, Plaintiff states that while his original complaint named Captain Trombley as a defendant, "the plaintiff has determined that the correct name of the Defendant is Captain Glenda Hall." Pl.'s Mot. to Amend 1. He adds that "paragraphs 12, 13, 15 are amended to reflect the identity and the actions of Officer Captain Trombley." *Id.* Then, Plaintiff states that he wishes to assert "a new legal

claim in the complaint against Glenda Hall for defamation of character as well as slander" and also for violating plaintiff's Fourteenth Amendment rights. *Id*. at 2. His motion provides no description of Hall's allegedly defamatory statements.

The Court recommends Plaintiff's newly asserted claims—to the extent they are decipherable—be dismissed for several reasons. First, it is not clear from his motion whether he wishes to add Glenda Hall as a defendant and dismiss Captain Trombley or keep both of them as defendants. Second, Plaintiff's reference to "paragraphs 12, 13, 15" is nonsensical because his original complaint contains no such numbered paragraphs. Third, Plaintiff does not set forth any factual allegations sufficient to support a claim of defamation against Hall or show how it is related to his pending claims.[3] *See* Fed. R. Civ. P. 20(a)(2). Fourth, and finally, Plaintiff failed to comply with the Court's order that he file an amended complaint to address the above-stated deficiencies. Order 2, May 22, 2024; *see* Fed. R. Civ. P. 41(b) (allowing involuntary dismissal of an action or claim for a plaintiff's failure to comply with a court order).

## CONCLUSION

For the reasons explained above, Plaintiff's motion for leave to amend (ECF No. 15) is **GRANTED**. However, the Court **RECOMMENDS** that Plaintiff's newly asserted claims—as outlined above—be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation,

---

[3] Plaintiff appears to have raised similar defamation claims against Hall in a separate case, *Van Ness v. Countryman*, 4:24-cv-36-CDL-AGH (M.D. Ga. Mar. 20, 2024), ECF No. 1. The Court will address those claims in a separate order.

or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 26th day of September, 2024.

                                  s/ *Amelia G. Helmick*
                                  UNITED STATES MAGISTRATE JUDGE